# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ANN-MARIE RETZLAFF,**

    **Petitioner,**

    **v.**                              **Case No. 22-CV-703-SCD**

**JUDGE MICHAEL K MORAN,**
**GREGORY A PARKER,**

    **Respondents.**

---

## RECOMMENDATION TO DISMISS PETITION AT RULE 4 SCREENING

---

Ann-Marie Retzlaff, a pre-trial detainee without a lawyer, initiated this case by filing a document styled, "Writ of Habeas Corpus Ad Testificandum / Order to Show Cause and Writ Certiorari" (sic). ECF No. 1; 1-1 at 1–2. The document, which contains an impressive number of Latin phrases, purports to be filed by a "Unified U.S. Common Law Grand Jury" on behalf of the petitioner, but in essence it's an attempt to "remove" the petitioner's criminal case from Shawano County Circuit Court to federal court. The final page displays a fake "grand jury seal" purporting to be from the Unified United States, and also, for added effect, it contains the illegible signature of the "Grand Jury Foreman," whoever that is. *Id.* at 6. In any event, Retzlaff appears to be in state custody, awaiting trial or other disposition for a charge of disorderly conduct and fleeing from police. *See* ECF No. 1. Accordingly, I will construe the document as a petition for habeas corpus, or relief from state custody. Although the document is long on Latin, it is short on substance. I will therefore recommend its dismissal.

I must promptly examine Retzlaff's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which states, in relevant part, as follows:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During this initial review, I generally analyze three issues: whether the petitioner has set forth cognizable constitutional or federal law claims, whether the petitioner has exhausted available state remedies, and whether the petition is timely.

First, Retzlaff's claim is not exhausted; she is a pre-trial detainee. Second, it is plainly frivolous. Her claims rely on several sovereign citizen theories, including that the federal government is illegitimate, that the Rules Enabling Act is treason, and that Retzlaff is immune from any and all government attacks and procedures because no government has jurisdiction over her. In this circuit, sovereign citizen arguments are a nonstarter:

> We have repeatedly rejected their theories of individual sovereignty, immunity from prosecution, and their ilk. See *United States v. Burke,* 425 F.3d 400, 408 (7th Cir.2005); *United States v. Hilgeford,* 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting the "shop worn" argument that a defendant is a sovereign and is beyond the jurisdiction bounds of the district court); *United States v. Sloan,* 939 F.2d 499, 500–01 (7th Cir.1991); *United States v. Schneider,* 910 F.2d 1569, 1570 (7th Cir.1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law"); *United States v. Phillips,* 326 Fed.Appx. 400 (7th Cir.2009) (dismissing jurisdiction arguments as frivolous because federal courts have subject matter and personal jurisdiction over defendants brought before them on federal indictments alleging violations of federal law). Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.

*United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). The majority of Retzlaff's filing is incomprehensible jargon and cut-and-paste legal mumbo-jumbo. Sovereign citizen theories are frivolous and wholly without merit. *See Bey v. State of Indiana*, 847 F.3d 559, 559–60 (7th Cir. 2017) (collecting cases). Accordingly, the petition should be dismissed. A certificate of appealabilty under 28 U.S.C. § 2253 should also be denied, as the petitioner has not demonstrated a substantial showing of the denial of any constitutional right.

## CONCLUSION

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, I cannot "resolve the case finally." See *Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). **Accordingly, the clerk of court shall randomly assign this matter to a district judge for consideration of the following recommendations: (1) that this action be dismissed; (2) that judgment be entered accordingly; and (3) that a certificate of appealability be denied, as the action is plainly frivolous**. Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal.

**SO ORDERED** this 11th day of July, 2022.

                                                    
_____
STEPHEN C. DRIES
United States Magistrate Judge